1  BRIAN K. CUTTONE (SBN 201314)
   CUTTONE & ASSOCIATES
2  5380 N. Fresno Street, Suite 102
   Fresno, California 93710
3  Telephone: 559.228.8490
   Facsimile:  559.421.1991
4

5

6  Attorneys for BRADLEY S. KESSLER;
   BK-INDUSTRIES, INC. and AG-K PROPERTIES, LLC
7

8              UNITED STATE DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10 BRADLEY    S.    KESSLER,    an  )   Case No.: **1:25-CV-00288-JLT-SKO**
   individual; BK-INDUSTRIES, Inc, a )
11 California     Corporation;     AG-K )
   PROPERTIES, LLC               )
12                               )   **MEMORANDUM OF POINTS AND**
                Plaintiff,       )   **AUTHORITIES IN SUPPORT OF**
13                               )   **PLAINTIFFS' REPLY TO**
            v.                   )   **DEFENDANTS OPPOSTION TO**
14                               )   **PLAINTIFFS' MOTION TO REMAND**
   CITY OF ATWATER, a Municipal )   **CASE TO STATE COURT**
15 Corporation; CITY OF ATWATER )
   BUILDING DEPARMENT; GREG )
16 THOMPSON, an individual; MARK )
   PEREIDA,     an     individual; )
17 STEPHANIE RUIZ, an individual; )   **Date:**    **May 15, 2025**
   MICHAEL NELSON, an individual; )   **Time:**    **9:00 a.m.**
18 JACQUYN  "JACKI"  LOPEZ,   an )   **Dept.:**    **4**
   individual; MICHAEL HAYES, an )    **Judge:**    **Honorable Jennfer L. Thurston**
19 individual; VH DESIGN GROUP, )
   INC.,  doing  business  as  VVH )
20 CONSULTING     ENGINEERS; )
   RHYOLITE   DEVELOPMENT   & )
21 CONSTRUCTION, INC., a California )
   Corporation and DOES 1-50.    )   **Complaint Filed: September 6, 2024**
22                               )
                Defendants.      )
23 _____ )

24      Plaintiffs Bradley S. Kessler, BK-Industries, Inc., AG-K Properties, LLC ("Plaintiffs")

25 submit this reply in response to Defendants' Opposition to Plaintiffs' Motion to Remand and

26 respectfully represent the following. Defendants' arguments are unavailing and mischaracterize

27 both the facts of service and the applicable legal precedent. Accordingly, this matter should be

28 remanded to state court as the Notice of Removal is procedurally defective—no unanimous

1

TABLE OF CONTENTS

2  I.    The Motion for Remand Should Be Granted Since The Removal was

3        Improper In That It Was Not Unanimous and Any Curative Acts Were

4        Untimely ................................................................................................. 2

5  II..   The Proof of Service is Accurate and the Non-Joining Defendants Time

6        Frame Under 28 U.S.C.A. section 1446(b) Commenced No Later

7        Than February 7, 2024. ........................................................................ 4

8  III.   Defendants Misstate the Applicable Law Regarding Service. ............... 6

9  IV.   Substitute Service Was Properly Effected at a Valid Location ............. 7

10 V.    Federal Courts Have Discretion to Dismiss State Claims .................... 8

11 VI.   Plaintiffs' Willingness to Dismiss Federal Claims Supports Remand to

12       State Court ............................................................................................ 9

13 VII.  CONCLUSION ..................................................................................... 10

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Memorandum of Points and Authorities in Support of Plaintiffs' Reply in Support of Motion for Remand

1

## TABLE OF AUTHORITIES

*Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc)
(quoting *Carnegie-Mellon*, 484 U.S. at 350 n.7) ........................................ 9

*Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1392 (1992) ......... 8

*Boccardo v. Safeway Stores, Inc.*, 134 Cal.App.3d 1037 (1982) .................... 8, 9

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) .................... 9

*Carrasquillo-Serrano v. Municipality of Canovanas*, 991 F.3d 32 (2001) .... 4

*Ellard v. Conway*, 94 Cal. App. 4th 540, 544 (2001) .................................... 7

*Espindola v. Nunez*, 199 Cal. App. 4th 1389, 1393 (2011 ............................. 8

*Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* 114 Cal.App.4th
1135 (2004) ................................................................................................ 5

*Franceschi v. Franchise Tax Bd.*, 1 Cal.App.5th 247 (2016) ...................... 9

*Ganpat v. Eastern Pacific Shipping, PTE, LTD.*, 553 F.Supp.3d 324 (2021)

........................................................................................................................ 4

*Harrell v. 20th Judicial Circuit of Fla.*, 934 F.2d 203, 205 (11th Cir. 1991)   10

*Hauss v. Home Depot U.S.A., Inc.*, No. 223CV01138KJMJDP, 2023 WI
5382164, at *1 (E.D. Cal. Aug. 22, 2023) .................................................. 2, 3

*Khourie, Crew & Jaeger v. Sabek, Inc.* (1990) 220 Cal.App.3d 1009, 1013 . 5, 8

*Kirby v. OMI Corp.*, 655 F. Supp. 219, 220 (M.D. Fla. 1987 ..................... 2, 6

*Merry v. Coast Community College Dist.*, 97 Cal.App.3d 214 (1979). .......... 9

*Milstein v. Ogden*, 84 Cal.App.2d 229 (1948) ............................................ 5

*Summers v. McClanahan* (2006) 140 Cal.App.4th 403, 411 ....................... 5

*Voice Tele Service, Inc. v. Zee Telecoms Ltd.*, 338 F.R.D. 200 (2021) .......... 4


28 U.S.C. § 1331 ............................................................................................ 9

28 U.S.C. § 1367(c)(3) ................................................................................... 9

28 U.S.C.A. section 1446(b) .......................................................................... 2, 5

1

C.C.P. §410.50 ................................................................ 5

2

Code of Civil Procedure § 415.20(b) ................................ 6, 8

3

Cal. Civ. Proc. Code § 416.50 ........................................ 5

4

Cal. Gov. Code § 915 .................................................... 5

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Memorandum of Points and Authorities in Support of Plaintiffs' Reply in Support of Motion for Remand

consent by all served defendants and any curative acts took place after the 30 days set forth in the 28 U.S.C.A. section 1446(b), *inter alia.*

**I.      The Motion for Remand Should Be Granted Since The Removal was Improper In That It Was Not Unanimous and Any Curative Acts Were Untimely.**

Pursuant to 28 U.S.C. § 1446(b), a defendant has 30 days from receipt of the summons and a copy of the complaint to remove a case from state court to federal court. The 30-day removal period begins upon actual receipt of both the summons and the complaint.

> When the propriety of a party's removal is challenged, the burden is on the removing party to show that the removal was proper. Miller v. Staufer Chemical Co., 527 F.Supp. 775, 777 (D.Kan.1981). It is axiomatic that a party seeking to remove a case must comply strictly with the statutory procedure for removal. Winters Government Securities v. NAFI Employees Credit Union, 449 F.Supp. 239, 241 (S.D.Fla.1978). The thirty-day removal period is mandatory, absent a waiver by the party seeking remand. Dow Corning Corp. v. Schpak, 65      F.R.D.      72,      74      (N.D.Ill.1974).

*Kirby v. OMI Corp.*, 655 F. Supp. 219, 220 (M.D. Fla. 1987).

> A defendant may generally remove a case from state court to the federal district court that has original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). **However, jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance."** Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). **"In general, removal statutes are strictly construed against removal ... and any doubt is resolved against removability."** See Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).

> Each defendant has "30 days after receipt by or service on that defendant of the initial pleading or summons ... to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). **The failure to join or obtain consent from all proper defendants is a procedural defect.** Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). A motion to remand based on a procedural defect must be made within 30 days of removal, 28 U.S.C. § 1447(c); otherwise, the procedural defect can be waived by failure to make timely objections, Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979).

(Emphasis added.)   *Hauss v. Home Depot U.S.A., Inc.*, No. 223CV01138KJMJDP, 2023 WL 5382164, at *1 (E.D. Cal. Aug. 22, 2023)

As this court has previously stated:

> The question before the court is whether a co-defendant's consent to removal 30 days after the statutorily authorized removal timeframe can cure a procedural defect in a timely filed notice of removal. It cannot.

*Hauss v. Home Depot U.S.A., Inc.*, No. 223CV01138KJMJDP, 2023 WL 5382164, at *1 (E.D. Cal. Aug. 22, 2023)

> Courts are split as to when a non-removing defendant's consent must be filed for it to be timely. See Palmeira v. CIT Bank, N.A., No. 17-00275, 2017 WL 4797515, at *3–6 (D.

Haw. Oct. 24, 2017) (noting conflicting law). Citing the Ninth Circuit's decision in Destfino v. Reiswig, 630 F.3d 952 (9th Cir. 2011), some courts have found the removing defendant can cure violation of the rule of unanimity by obtaining joinder or consent of all defendants after the removal period. See, e.g., Wang v. BB Wells Inv. Inc., No. 21-04624, 2022 WL 1165947, at *3 (C.D. Cal. Apr. 19, 2022) (collecting cases). In Destfino, the Ninth Circuit noted "the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." 630 F.3d at 956–57. **Others, however, have recognized Destfino was decided before the 2011 amendments to the removal statute and have found defendants cannot cure the procedural defect in question by obtaining consent after the 30-day removal period.** See, e.g., Palmeira, 2017 WL 4797515, at *3, 6. "[T]he Ninth Circuit has not weighed in after the 2011 amendments to § 1446." Ray v. Dzogchen Shri Singha Found. USA, Inc., No. 23-233, 2023 WL 3451987, at *3 (D. Or. May 15, 2023).

Before the 2011 amendments to the removal statute, the rule of unanimity was a judge-made rule rather than a statutory command. See Paws Up Ranch, LLC v. Altium Dev. Grp., LLC, No. 14-01407, 2014 WL 7240153, at *3 (D. Nev. Dec. 18, 2014). **However, the 2011 amendments "codified the rule of unanimity."** Prior v. Safeco Ins. Co. of Am., No. 23-00021, 2023 WL 3720649, at *2 (W.D. Wash. May 30, 2023). **Thus, the court is bound by the clear language of the statute.** Id.; see also Taylor v. Medtronic, Inc., 15 F.4th 148, 152 (2d Cir. 2021) ("When the rule of unanimity was a judge-made rule, courts could allow judge-made exceptions to that rule. But now we are limited to interpreting a clear statutory command from Congress that all defendants must consent to removal within thirty days of service."). The removal statute specifically states "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons ... to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). The 30-day time limit is mandatory. See Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1142 n.4 (9th Cir. 2013).

(Emphasis added.) *Hauss v. Home Depot U.S.A., Inc.,* No. 223CV01138KJMJDP, 2023 WL 5382164, at *2 (E.D. Cal. Aug. 22, 2023).

Because the removal statute is strictly construed, and doubts regarding the court's jurisdiction are resolved in favor of remand, *see Luther,* 533 F.3d at 1034, **the court joins with district courts that have found the procedural defect in question cannot be cured after the 30-day removal period has run,** *see, e.g., Lopez v. Michael Weinig, Inc.,* No. 20-6012, 2020 WL 4192260, at *4 (C.D. Cal. July 17, 2020). Here, both defendants were served at the same time. Home Depot's consent was filed after the 30-day removal period. Kimco's purported curative amendment to the notice of removal also was filed after the 30-day removal period. The court finds Kimco's notice of removal was procedurally defective and the defect was not timely cured. Accordingly, the court **grants** the motion to remand.

*Hauss v. Home Depot U.S.A., Inc.,* No. 223CV01138KJMJDP, 2023 WL 5382164, at *2–3 (E.D. Cal. Aug. 22, 2023)

In the present case, all defendants were served by February 7, 2025. Whether served personally or by substitute service, Defendants, including the City of Atwater, had actual notice of the action and of service on each named defendant. In their opposition to the motion to remand, Defendants concede that Janell Martin was served on behalf of the other defendants. Notably, Defendants do not dispute that service was completed on or before February 7, 2025.

Accordingly, the 30-day period for removal under § 1446(b) commenced no later than February 7, 2025. Defendants filed their notice of removal on March 6, 2025—27 days after the final date of service—but failed to obtain the consent of all named defendants within that time period, even though counsel for the removing defendants also represented the other Non-Joining Defendants. This failure renders the removal procedurally defective. While Defendants did file a stipulation on March 12, 2025, joined by all parties, this occurred 35 days after February 7, 2025—beyond the mandatory 30-day removal window. Importantly, any extension of time granted under procedural rules for responding to a complaint (e.g., the 10-day rule) does not extend the statutory 30-day period for removal under § 1446(b). Because all defendants did not timely consent to removal, the removal was both untimely and improper. Defendants have therefore waived their right to remove the case, and remand to state court is warranted, based upon this independent ground.

**II.    The Proof of Service is Accurate and the Non-Joining Defendants Time Frame Under 28 U.S.C.A. section 1446(b) Commenced No Later Than February 7, 2024.**

A signed return of service is generally constitutes prima facie evidence of valid service. This presumption can be overcome only by strong and convincing evidence. See *Ganpat v. Eastern Pacific Shipping, PTE, LTD.*, 553 F.Supp.3d 324 (2021). In *Ganpat* court held that a signed return of service is prima facie evidence of valid service. Additionally, a process server's sworn statement of service created a presumption that service has been effectuated in the manner described. See *Voice Tele Service, Inc. v. Zee Telecoms Ltd.*, 338 F.R.D. 200 (2021). Under the Federal Rules of Civil Procedure Rule 4, the return of service generally serves as *prima facie* evidence that service was validly performed. See *Carrasquillo-Serrano v. Municipality of Canovanas*, 991 F.3d 32 (2001).

The Proof of Service filed with the Merced Superior Court on March 10, 2025, contains a clerical error regarding the location of service. The document was prepared by Jen White, based on notes provided by the process server, Albert Moles, and was signed by Albert Moles. The error in the location was made inadvertently by Jen White, who transcribed the information from Albert Moles's notes during preparation of the form.

1    It is important to clarify that the service was properly executed. The process server, Albert
2    Moles, is an experienced professional who has served the City of Atwater on multiple occasions,
3    specifically by serving Janell Martin. In each instance, Albert Moles has adhered to a consistent
4    procedure: attempting service three times prior to effecting substitute service or direct delivery.
5    In the present case, Albert Moles personally handed the summons and complaint directly to Janell
6    Martin, the Assistant City Clerk. The documents were not left on a desk or dropped off at the
7    location—they were personally delivered, and Ms. Martin accepted the documents without
8    objection or indication that she was unauthorized to do so.

9    Under California law, service on a public entity such as a city may be effectuated by delivering
10   the summons and complaint to the clerk, secretary, president, presiding officer, or other head of
11   the entity. See Cal. Gov. Code § 915 and Cal. Civ. Proc. Code § 416.50. Acceptance of service
12   by Janell Martin, an Assistant City Clerk acting in the regular course of her duties, constitutes
13   valid service. Furthermore, there was no notice or objection from the City of Atwater at the time
14   of delivery indicating that Ms. Martin lacked the authority to accept service; nor has any of the
15   defendants moved to quash service of summons and complaint.  Courts have held that where a
16   person apparently in authority accepts service without objection, service is presumed valid. See
17   *Khourie, Crew & Jaeger v. Sabek, Inc.* (1990) 220 Cal.App.3d 1009, 1013.

18   Regardless of the fact that the Non-Joining Parties were properly served, the Non-Joining
19   Parties have waived any defects in service since they filed a motion to dismiss the FAC.  On
20   March 20, 2025, the Non-Joining Parties, that failed and refused to join the Notice of Removal,
21   filed a Motion to Dismiss, waiving any *purported* defects to the service of the FAC upon them.
22   C.C.P. §410.50; *Fireman's Fund Ins. Co. v. Sparks Construction, Inc.* 114 Cal.App.4th 1135
23   (2004); *Milstein v. Ogden*, 84 Cal.App.2d 229 (1948).

24   Therefore, the error in the description of the location on the Proof of Service is a non-
25   substantive, clerical mistake that does not invalidate the otherwise proper and effective service of
26   process, which commenced the 30 day limitation set forth in 28 U.S.C.A section 1446(b). See
27   *Summers v. McClanahan* (2006) 140 Cal.App.4th 403, 411 [service should be upheld where there
28   is substantial compliance and no prejudice].

See also, *Kirby v. OMI Corp.*:

> A review of the chronological progression in the instant case indicates that the complaint was served upon defendant by certified United States Mail, return receipt requested, on September 15, 1986. See Plaintiff's Attorney's Affidavit of Compliance with Sections 48.161 and 48.181, Florida Statutes and exhibits attached thereto. Plaintiff's attempted effectuation of substituted service of process was technically flawed, however, in that she failed to file a return receipt and affidavit of compliance by the return day of process as required by Florida law. See Fla.Stat. § 48.161 (1985). Defendant does not dispute that it received the summons and a copy of the complaint by mail on September 15, 1986.

*Kirby v. OMI Corp.*, 655 F. Supp. 219, 222 (M.D. Fla. 1987).

> **It is this Court's position that "[t]echnicalities of state law as to the completion of service of process [should be] ignored, just as state law generally is disregarded, when removal is considered."** C. Wright, A. Miller & E. Cooper, supra, § 3732, at p. 516; see Nissan Motor Corp. v. Puerto Rico Marine Management, Inc., No. 85–49–Civ-J–16 (M.D.Fla. Apr. 19, 1985) (order granting motion to remand). Plaintiff's substantial compliance with the substituted service of process provisions can hardly be viewed in the same light as the informal receipt of a copy of a complaint. **In fact, a determination of the validity of service of process cannot be made unilaterally by defendant but must be considered upon proper motion by either the appropriate state court or the federal court. The date of service of the summons and a copy of the complaint upon defendant, although later found to be technically flawed, controls the commencement of the thirty-day removal period set forth in 28 U.S.C. § 1446(b).** The Court finds that upon receipt of the complaint on September 15, 1986, defendant "was able intelligently to determine" that the cause was removable. Tyler, 524 F.Supp. at 213. Consequently, defendant's removal petition filed on October 20, 1986, was untimely. This cause, therefore, will be remanded to state court. The Court is of the opinion that this holding is consistent with the law as it has developed in regard to removal and with the basic policies underlying the removal procedure.

Kirby v. OMI *Corp.*, 655 F. Supp. 219, 222 (M.D. Fla. 1987).

Thus, for the purposes of the Motion for Remand, service of the Summons and Complaint on February 7, 2025 was effective to commence the 30 day period for the Non-Joining Defendants to join and or consent to the Notice of Removal and they failed to timely do so.

Therefore, the Motion for Remand should be granted.

**III.    Defendants Misstate the Applicable Law Regarding Service.**

Defendants contend that service on the individual defendant was improper because the summons and complaint were delivered to the City Clerk rather than to the defendant personally. However, this argument fails under well-established California law permitting substitute service after reasonable diligence in attempting personal service. California Code of Civil Procedure § 415.20(b) permits substitute service at the defendant's usual place of business after attempts at personal service have been made with reasonable diligence:

"If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, ... a summons may be served by leaving a copy... at the person's usual place of business... with the person apparently in charge... and by thereafter mailing a copy of the summons and complaint by first-class mail... to the person to be served at the place where a copy of the summons and complaint were left."

This procedure is well-accepted and was properly followed here. Courts have repeatedly held that substitute service is valid so long as reasonable attempts at personal service were first made. See *Ellard v. Conway*, 94 Cal. App. 4th 540, 544 (2001) ("Ordinarily, two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substitute service to be made.").

Defendants rely on cases where there was *no* attempt to serve the individual defendant personally prior to leaving the summons and complaint with the city clerk or other substitute. Those cases are factually and legally inapposite. Here, unlike in the cases cited by Defendants, Plaintiffs made a good faith attempt to personally serve the individual defendant. Only after that attempt proved unsuccessful did Plaintiffs effect substitute service, as permitted under applicable law.

Defendants' own authorities make clear that service is improper *only* when there has been no prior attempt to personally serve the individual. The facts here do not support such a finding. Plaintiffs made diligent efforts to serve the individual defendant and followed proper statutory procedure when those efforts were unsuccessful.

Thus, the Motion for Remand should be granted.

## IV.    Substitute Service Was Properly Effected at a Valid Location

Defendants also argue that substitute service was improper because it was not made at the individual's residence. This argument fails as a matter of law. Under applicable service rules—including those codified in the California Code of Civil Procedure, if relevant—a party may be substitute served either at their *dwelling house* or their *usual place of business*. Plaintiffs complied with this requirement by effectuating substitute service at a location recognized under the statute as valid.

California law permits substitute service at either the defendant's "dwelling house" or "usual place of business." Plaintiffs lawfully served the defendant at a government office where

he is employed, and which qualifies as his usual place of business. As held in *Espindola v. Nunez*, 199 Cal. App. 4th 1389, 1393 (2011), "Section 415.20 does not require that service be attempted at both a defendant's residence and place of business." Plaintiffs had no obligation to attempt personal service at the residence before resorting to substitute service at a place of business.

The cases cited by Defendants are distinguishable. In each, service was found defective because there was *no* attempt to personally serve the individual defendant before substitute service was made. That is not the case here. Plaintiffs attempted to personally serve the individual defendant, and only after those attempts failed did Plaintiffs lawfully serve a person in charge at the defendant's usual place of business.

Indeed, courts consistently reject similar arguments when the plaintiff has shown diligence in attempting personal service. See *Khourie, Crew & Jaeger v. Sabek, Inc.*, 220 Cal. App. 3d 1009, 1013 (1990) (holding that service on receptionist at defendant's place of business was valid under § 415.20(b) after reasonable diligence); *Bein v. Brechtel-Jochim Grp., Inc.*, 6 Cal. App. 4th 1387, 1392 (1992) (affirming substitute service following multiple attempts at personal service).

Defendants offer no authority for the proposition that service must be made *only* at a residence, nor do they contest that the place where service was effected qualifies as the defendant's usual place of business. Their argument ignores both the plain language of the statute and the flexibility built into service of process rules to prevent gamesmanship and evasion.

Thus, the Motion for Remand should be granted.

## V.  Federal Courts Have Discretion to Dismiss State Claims

When state issues substantially predominate, the federal court may dismiss the state claims without prejudice, leaving them for resolution in state tribunals. This principle is rooted in the idea that needless decisions of state law should be avoided to promote justice between the parties and to procure a more accurate reading of applicable law. In *Boccardo v. Safeway Stores, Inc.*, the court discussed the federal court's power to exercise pendent jurisdiction over state law claims when those claims form a separate but parallel ground for relief also sought in a substantial federal claim. See *Boccardo v. Safeway Stores, Inc.*, 134 Cal.App.3d 1037 (1982). Similarly, in *Merry v.*

1   *Coast Community College Dist.*, the court emphasized that the exercise of pendent jurisdiction is
2   discretionary and should be avoided if state issues substantially predominate. See *Merry v. Coast*
3   *Community College Dist.*, 97 Cal.App.3d 214 (1979). The case of *Franceschi v. Franchise Tax*
4   *Bd.* further illustrates that federal courts may exercise supplemental jurisdiction over related state
5   law claims that form part of the same case or controversy but may decline to do so if the state
6   issues predominate. See *Franceschi v. Franchise Tax Bd.*, 1 Cal.App.5th 247 (2016).

7        A plaintiff can request to remand a case back to state court if state claims predominate.
8   Federal courts have the discretion to dismiss state claims without prejudice when those claims
9   substantially predominate over federal claims, allowing the state claims to be resolved in state
10  tribunals. Here, the relief sought is not in a substantial federal claim.

11  **VI.    Plaintiffs' Willingness to Dismiss Federal Claims Supports Remand to State**
12  **Court**

13        Plaintiffs are willing and prepared to voluntarily dismiss the two federal claims alleged in
14  the complaint, thereby leaving only state law causes of action. This decision eliminates the basis
15  for federal question jurisdiction under 28 U.S.C. § 1331. Once the federal claims are dismissed,
16  there is no independent basis for federal subject matter jurisdiction, and this Court should decline
17  to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. §
18  1367(c)(3).

19        Federal courts routinely recognize that when all federal claims are dismissed early in the
20  litigation, the remaining state claims should be remanded or dismissed to permit adjudication in
21  state court. In *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988), the Supreme Court
22  explained that when the federal claims are eliminated at an early stage of the litigation, "the
23  federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."
24  Similarly, the Ninth Circuit has reaffirmed this principle, noting that "[i]n the usual case in which
25  all federal-law claims are eliminated before trial, the balance of factors…will point toward
26  declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs.,*
27  *Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (quoting *Carnegie-Mellon*, 484 U.S. at 350
28  n.7).

1    Plaintiffs' prompt willingness to dismiss the federal claims at this juncture—before any

2    substantial progress has occurred in federal court—further supports remand under principles of

3    judicial economy, comity, and fairness. Retaining jurisdiction in federal court would needlessly

4    prolong the litigation and undermine the strong presumption in favor of allowing state courts to

5    interpret and apply their own laws. See *Harrell v. 20th Judicial Circuit of Fla.*, 934 F.2d 203, 205

6    (11th Cir. 1991) ("State courts, not federal courts, should be the final arbiters of state law.").

7    Accordingly, the Court should give effect to Plaintiffs' express intent to dismiss the federal claims

8    and remand the matter to state court, where the remaining causes of action can be properly and

9    efficiently adjudicated.

10    **VII.    CONCLUSION**

11    For the foregoing reasons, and those stated in Plaintiffs' Motion to Remand, Plaintiffs

12    respectfully request that this Court remand the case to state court and award any such other relief

13    the Court deems just and proper. For the foregoing reasons, Plaintiffs respectfully request that

14    this Court:

15    1. **Remand** this action to the Superior Court of California, since the Notice of Removal was

16       procedurally defective and any curative measures occurred outside the 30 day limit set

17       forth in 28 U.S.C.A. section 1446(b);

18    2. **Grant leave for Plaintiffs to dismiss their federal claims** pursuant to Rule 41(a);

19    3. **Award costs and fees** under 28 U.S.C. section 1447(c); and

20    4. Grant any further relief the Court deems just and proper.

21    Dated:  May 12, 2025                                    Respectfully submitted,

22                                                            **CUTTONE & ASSOCIATES**

23

24                                        BY: _____

25                                             BRIAN K. CUTTONE, Attorney
                                              for Plaintiffs, BRADLEY S.
26                                            KESSLER; BK-INDUSTRIES,
                                              INC. and AG-K PROPERTIES,
27                                            LLC

28