UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY S. KESSLER, an individual; BK-INDUSTRIES, Inc., a California Corporation; AG-K PROPERTIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ATWATER, a Municipal Corporation; et al.,<br><br>Defendants. | Case No.: 1:25-cv-00288 JLT SKO<br><br>ORDER TO BRIAN K. CUTTONE TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR VIOLATIONS OF RULE 11 |

On behalf of the plaintiffs, Mr. Cuttone filed oppositions to the defendants' motions to dismiss, (Doc. 28, Doc. 28-3) and a reply to the defendants' motions to remand (Doc. 32). In each filing, it appears to the Court that Mr. Cuttone cited to cases that do not exist, cited to cases that do not stand for the proposition claimed, or included purported quotations that do not exist in the cited case.

**I.   The Briefs**

Mr. Cuttone's briefs opposing the motions to dismiss and replying to the opposition to the motion remand, seem to violate the most basic duty imposed on attorneys to be honest with the Court. The Court and its staff have spent hours checking the cites proffered by Mr. Cuttone and, as a result, has been delayed in addressing the merits of the motions. This Court—being one of the busiest in the Country and with higher caseloads per judge than nearly every other district court—can sorely afford to waste its resources in this manner. So that counsel is clear as to the extent of the problem, the Court

sets forth examples below:

### A. Cases cited that don't exist

Mr. Cuttone cites the following cases: *Gonzalez v. County of Los Angeles*, 2006 WL 589285 (Doc. 28 at 21); *McGill v. City of Redding*, 47 Cal. App. 4th 235, 241 (1996) (Doc. 28 at 21); *Ramos v. County of Madera*, 2019 WL 2092748 (Doc. 28 at 19); *Yaka v. City of San Jose*, 160 Cal. App. 4th 139 (2008) (Doc. 28 at 21). *Simmons v. City of Sacramento*, 32 Cal. 4th 480, 491 (2004) (Doc. 28 at 22); *Kohn v. Kohn*, 195 Cal. App. 4th 932, 945 (2011) (Doc. 28-3 at 21). None of these cases exist. Though there are cases with the same or similar names with different citations, none with the same name address the issues raised in the pleadings. Thus, it does not appear that these citations can be explained as typographical errors; rather, it appears these cases have been created out of whole cloth.

### B. Inserting quotations that don't exist

The briefs include quotation that don't actually appear in the cases to which they are attributed. One brief quotes *Espindola v. Nunez*, 199 Cal. App. 4th 1389 (2011)[1] as follows: "Section 415.20 does not require that service be attempted at both a defendant's residence and place of business." Mr. Cuttone asserts that this quote is found at page 1393 of the opinion; it does not. (Doc. 32 at 11) This quote does not exist anywhere in this case. Indeed, a word search reveals that the phrase, "place of business," is not found in *Espindola.*

The same brief purports to quote from *Harrell v. 20th Judicial Circuit of Florida*, 934 F.3d 203, 205 (11th Cir. 1991) as follows: "State courts, not federal courts, should be the final arbiters of state law." (Doc. 32 at 13) This quote is not found in the brief and the word "arbiters" is not used at all in the *Harrell* court's opinion. In another brief, it quotes *City of Montebello v. Vasquez*, 1 Cal. 5th 409, 422 to say: "[g]overnment officials may not rely on the anti-SLAPP statute to insulate themselves from liability for actual tortious conduct merely because that conduct may be connected to speech." (Doc. 28-3 at 18) This quote does not exist in the case and, again, the word "tortious" is not used in the opinion.

A brief quotes *Navellier v. Sletten*, 29 Cal. 4th 82 (Doc. 28-3 at 17) to say that "a defendant

---

[1] The citation noted in Mr. Cuttone's papers is incorrect. The correct citation is 199 Cal.App.3d 1389.

who engages in protected conduct is not immune from liability if the plaintiff can show that the conduct was unlawful and caused injury." Though *Navaellier* discusses SLAPP actions and anti-SLAPP motions, the purported quote does not appear in the case. In fact, the case holds opposite to the alleged quote, indicating that if the lawsuit is filed due to the defendant's protected activity, it is, by definition, a SLAPP action. It holds further that an action will be dismissed through an anti-SLAPP motion unless the plaintiff can demonstrate that he/she will prevail on the merits.

### C. Citing cases for propositions not discussed in the case or supported by the case

A brief cites *Caldwell v. Montoya*, 10 Cal. 4th 972, 989 (1995) (Doc. 28 at 22), to support the assertion that, "California courts have consistently held that government actors may be liable for intentional torts, including defamation and fraud." Though the Court does not have any real disagreement with this contention, *Caldwell* doesn't speak to defamation or fraud or intentional torts in general, though it *does* hold that immunity does not extend to intentional acts under FEHA.

The same brief cites *Turner v. California*, 232 Cal.App.3d 883, 888 (Doc. 28 at 21) for the proposition that the Government Claims Act does not have a claims-filing requirement for claims asserting defamation or fraud. *Turner* does not stand for that proposition, nor does it discuss anything remotely associated with that topic. Instead, in *Turn*er, the plaintiff sued the state after being shot by an unknown person in a parking lot associated with the California State Fair. *Turner* at 887. The plaintiff asserted that the state should be held liable for having inadequate lighting in the parking lot and because it was aware of other assaults in the parking lot but did not warn of the risks. *Id*. at 887-888. The court affirmed the grant of summary judgment and discussed the claims of the case—specifically, negligence and premises liability and, at page 888—to which the brief specifically refers the Court—the court discussed information that is required to be included in a governmental claim. None of this addresses the claimed legal proposition.

The same brief also cites *Cameron v. State of California*, 66 Cal. 2d 25, 29[2] (1967) (Doc. 28 at 22), to assert that, "Government employees are not immune from liability for intentional torts." Not only is this not an entirely correct statement of law (*See e.g.,* Gov't Code §§ 820, et seq., which, in

---

[2] The citation noted in the brief is incorrect. The correct citation is 7 Cal.3d 318.

3

general, immunize employees for tortious conduct if taken in good faith), but *Cameron's* holding is limited to the determination that though design immunity applies for a public road's design, the defendant may still be held liable for failure to provide warning signs related to hazards encompassed in the design. It does not speak to immunity for intentional conduct, in general. The brief also cites *Cornell v. City & County of San Francisco*, 17 Cal. App. 5th 766, 800-801 (Doc. 28 at 22), and claims that this case stands for the proposition that, "Public employees are not immune under Government Code § 820.2 when they act with malice, fraud, or oppression." *Cornell* does not address acts of malice, fraud or oppression. Rather, *Cornell*, at the page cite noted by the brief, speaks to liability under the Bane Act. Elsewhere, the *Cornell* court discusses the fact that Penal Code section 847 does not provide qualified immunity for false arrest.

The brief also cites to other cases for various propositions that the cases do not support. It cites *Thayer v. Kabateck Brown Kellner*, 207 Cal. App. 4th 141 (2012) (Doc. 28 at 14) and claims that *Thayer* holds that, "Fraudulent conduct is never protected under the Anti-SLAPP statute or otherwise." Though, in *Thayer*, the plaintiff asserted that anti-SLAPP motion did not lie as to claims of a breach of fiduciary duty or fraud, *Thayer* noted that the cases cited by the plaintiff to support the arguments did not apply to the factual circumstances raised in that case. Thus, *Thayer* had no occasion to speak to this issue. Along these same lines, another brief cited to *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628 (Doc. 28-3 at 17) to support his claim that "defamatory statements are actionable and not insulated by the Anti-SLAPP statute." Rather than issuing a holding such as that claimed, the court observed only that many SLAPP actions are based on defamation, business torts, nuisance and intentional infliction of emotional distress but that there was no prohibition on bringing a SLAPP action that raised a different claim.

The brief cites *Kashian v. Harriman*, 98 Cal. App. 4th 892, 905 (Doc. 28-3 at 17) to claim, "The same reasoning [discussed above as to *Navellier*] applies to fraud and breach of contract claims, which are inherently grounded in unlawful and deceptive conduct rather than protected speech." Once again, the Court disputes that this is a correct statement of law. Breaches of contract need not have any underlying claim of fraud. Even still, though *Kashian* discussed SLAPP actions and anti-SLAPP motions, and agreed that unprotected conduct is not a basis for a SLAPP action, it did not hold that a

4

breach of contract sounds in fraud nor determined whether it can constitute protected speech. *Kashian* at page 905, discusses what a SLAPP action is, rather than drawing conclusions about what it is not.

Finally, the brief cited *Hagberg v. Cal. Fed. Bank*, 32 Cal. 4th 350, 359 (Doc. 28-3 at 18), to support this argument:

> Moreover, the gravamen of Plaintiffs FAC concerns Defendants' conduct – including obstruction of business operations, intentionally hindering and delaying the processing of permits to cause economic harm to Plaintiffs, intentionally adding unnecessary conditions on projects of Plaintiffs that were not imposed on other developers on similar projects and the intentional dissemination of false and damaging statements. These acts fall outside the purview of constitutionally protected petitioning and speech.

Despite what the brief claimed at the cited page of *Hagberg*, the court discusses the immunity provided by Civil Code section 47(b) related to a call to the police reporting that the plaintiff had tried to pass a bad check. *Hagberg* found that calling the police to report suspected criminal activity and seeking police assistance related to suspected criminal are activities made privileged by Section 47(b). *Hagberg* found that liability for these acts could be founded only on evidence that they constituted malicious prosecution. The court did not discuss whether acts, such as those set forth above in the brief or any akin to them, constitute protected speech.

## II. Order to Show Cause

When confronted with similar issues, courts have ordered the filing attorneys to show cause why sanctions or discipline should not issue. *See generally United States v. Hayes*, No. 2:24-cr-0280-DJC, 2024 WL 5125812 (E.D. Cal. Dec. 16, 2024); *Mata v. Avianca, Inc.*, No. 22-cv-1461 (PKC), 2023 WL 3696209 (S.D.N.Y. May 4, 2023); *Wadsworth v. Walmart, Inc.*, No. 2:23-cv-118-KHR, 2025 WL 515094 (D. Wyo. Feb. 6, 2025). The Court has this authority.

Local Rule 110 states that the "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 180(e) states:

> Standards of Professional Conduct. Every member of the Bar of this Court, and any attorney permitted to practice in this Court under (b), shall become familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and court decisions applicable thereto, which are hereby adopted as standards of professional conduct in this Court. In the absence of an applicable standard therein, the Model Rules of Professional Conduct of the American Bar Association may be considered guidance. No attorney admitted to practice before this

5

> Court shall engage in any conduct that degrades or impugns the integrity of the Court or in any manner interferes with the administration of justice.

Local Rule 184(a) states:

> Discipline. In the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney. In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice.

Accordingly, the Court **ORDERS**:

1. **Within seven days,** Mr. Cuttone **SHALL** review **each and every** legal citation set forth in Docs. 28, 28-3 and 32 to ensure the case exists and, if it does, whether it contains the claimed quotation and whether it stands for or supports the contention raised in his brief. He **SHALL** file a declaration certifying that he has done so and explaining in detail if he finds any other errors in the citations used in his briefs filed at Docs. 28, 28-3 or 32.

2. As to each case discussed in Headnote I.A., **within seven days,** Mr. Cuttone **SHALL** file a true and correct copy of the case cited. If he cannot locate the case, **within seven days,** he **SHALL** include in the declaration required by paragraph 1, a detailed explanation as to the circumstances giving rise to his conduct.

3. As to each case discussed in Headnote I.B., **within seven days,** Mr. Cuttone **SHALL** provide a true and correct copy of the page(s) of the case where the quotation, noted in his brief is found, with the quotation highlighted. The filings must reflect the case name and correct citation, including the specific page cite. If he cannot locate the quotation in the case he cited, **within seven days,** he **SHALL** include in the declaration required by paragraph 1, a detailed explanation as to the circumstances giving rise to his conduct.

4. As to each case discussed in Headnote I.C., **within seven days,** Mr. Cuttone **SHALL** provide a true and correct copy of the page(s) of the case, which he contends supports the proposition for which he cited it in his brief, with the court's relevant analysis highlighted. The filings must reflect the case name and correct citation, including the specific page cite. If he cannot locate support in the cited case, **within seven days,** he **SHALL** include in the declaration required by paragraph 1, a

6

detailed explanation as to the circumstances giving rise to his conduct.

2. **Within the same seven-day period**, he **SHALL** show cause why he should not be sanctioned pursuant to: (1) Fed. R. Civ. P. 11(b), (c); (2) 28 U.S.C. § 1927; and (3) the inherent power of the Court to order sanctions for citing non-existent cases to the Court. *See Hayes*, 2024 WL 5125812, at *5. The written submissions **SHALL** take the form of a sworn declaration. Mr. Cuttone must provide a thorough explanation for how these briefs came to be filed as they are and why such conduct will not recur in the future.

3. After the Court receives the filings and has adequate time to review them, the Court will determine whether it will set a hearing on this order to show cause.

IT IS SO ORDERED.

Dated: **July 11, 2025**

UNITED STATES DISTRICT JUDGE