**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRADLEY S. KESSLER, an individual; BK-INDUSTRIES, Inc., a California Corporation; AG-K PROPERTIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF ATWATER, a Municipal Corporation; CITY OF ATWATER BUILDING DEPARTMENT; GREG THOMPSON, an individual; MARK PEREIDA, an individual; STEPHANIE RUIZ, an individual; JACQUYN "JACKI" LOPEZ, an individual; MICHAEL HAYES, an individual; VH DESIGN GROUP, INC., doing business as VVH CONSULTING ENGINEERS; RHYOLITE DEVELOPMENT & CONSTRUCTION, INC., a California Corporation and DOES 1–50, <br><br> Defendants. | No.  1:25-cv-00288 JLT SKO <br><br> ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS <br><br> (Doc. 22.) |

Bradley S. Kessler, BK-Industries, and AG-K Properties (collectively "Plaintiffs") move to remand this action to the Superior Court of the State of California for the County of Merced, following removal to federal court by Defendants City of Atwater (the "City"), City of Atwater Building Department (the "Building Department"), Michael Hayes, and VH Design Group, Inc (collectively "Removing Defendants".)  (Doc. 22.)  This matter is suitable for resolution without a

1

hearing pursuant to Local Rule 230(g).  The Court has considered the parties' briefing and, for the reasons explained below, **DENIES** Plaintiffs' motion to remand without prejudice and request for attorneys' fees and costs.

**I.      BACKGROUND**

On September 6, 2024, Plaintiffs filed a complaint for damages and equitable relief in Merced County Superior Court, alleging tortious conduct arising out of an advertising lease agreement with the City.  (Doc. 1 at 7–36.)  On January 23, 2025, Plaintiffs filed a First Amended Complaint ("FAC".)  (*Id.* at 39–83.)  In addition to Removing Defendants, Plaintiffs brought 27 state law claims and two federal law claims against five other individual City employee Defendants, Defendant Rhyolite Development & Construction, Inc. ("Rhyolite"), and Does 1–50 (collectively "Non-Joining Defendants".)

The parties do not dispute that Plaintiffs properly served the City, Building Department, and VH Design Group with the FAC, first amended summons, civil case cover sheet, and notice of case management conference (collectively the "Service Documents") through personal service to Janell Martin, Clerk of the City, and Chris T. Vierra, VH Design Group's agent for service, on February 4, 2024.  (Docs. 22-3 at 5–15; 26 at 2.)  The parties, however, dispute the facts regarding service of the remaining Defendants.  Plaintiffs allege Albert Moles, an independent contract process server for First Legal in Fresno, made three failed attempts to personally serve Defendants Rhyolite, Thompson, Pereida, Ruiz, Nelson, Lopez, and Hayes at the City of Atwater before "leaving a copy of the Summons and FAC with Janell Martin."  (Doc. 22-1 at 8.)  Moles declares that on February 4, 2025, he received several assignments to serve the City, Building Department, and Nelson at 1160 5th Street, Atwater, CA 95301, and Thompson, Hayes, Pereida, and Rhyolite at 750 Bellevue Road, Atwater, CA 95301.[1]  (Doc. 26 at 2.)  Moles declares that on February 4, 2025, he entered 1160 5th Street and spoke with Martin, wherein he "read her the names on each serve [and] [s]he said she was able to accept service on all names listed."  (*Id.*)  Moles further declares that he "asked her if [he] needed to go to the Bellevue address to attempt

---

[1]  Moles does not declare that he was assigned to serve Defendants Ruiz or Lopez, but Martin declares that he dropped copies of the Service Documents for them with her at 1160 5th Street.  *Compare* Doc. 26 at 2 *with* Doc. 30 at 3.

service there [and] [s]he said no she can accept service." (*Id.*)  Moles served Martin for the City and Building Department, and told her he would be back to subserve the others.  (*Id.*)  The following day, Moles returned to 1160 5th Street and spoke with Martin.  (*Id.*)  Moles declares he "reiterated why [he] was there" and that Martin "once again said she can accept on their behalf" however, Moles "left without giving her the documents and said he would be back to subserve them next time." (*Id.*)  Moles declares on February 6, 2025, he spoke with Martin at 1160 5th Street and "told her [he] was able to leave these documents with her today and she accepted service on behalf of all parties." (*Id.* at 3.)

Defendants, however, allege that only the City and Building Department were properly served through Martin.  (Doc. 30 at 17–19.)  Martin declares that she may accept service for the City and Building Department, but is "not authorized to accept service of legal papers on behalf of any other entity or individual, and [is] not authorized to accept service under any City policy, or other law or regulation." (Doc. 30-1 at 2.)  Martin affirms that she accepted service for the City and Building Department from Moles on February 4, 2025, but declares that she "told Mr. Moles that all individuals except for Defendant Michael Nelson work at the City's Community Development and Building Departments building located at 750 Bellevue Avenue, Atwater, California, 95301, [and] that [she] was not authorized to accept service on any of their behalf, and that Rhyolite is a City consultant corporation, [which she] was also not authorized to accept service for." (*Id.* at 2–3.)  Martin declares that she twice reiterated this information to Moles when he returned the following two days, but Moles nonetheless left the Service Documents for Defendants Thompson, Pereida, Ruiz, Nelson, Lopez, Hayes, and Rhyolite with her on February 6, 2025.  (*Id.*)

On March 6, 2025, Removing Defendants filed the Notice of Removal.  (Doc. 1 at 1–5.)  On March 12, 2025, all parties signed a stipulation to extend the time for Defendants to respond to the FAC.  (Doc. 6.)  In this stipulation, Plaintiffs noted that they did not consent to the jurisdiction of the District Court.  (*Id.* at 2.)  All Defendants, except Rhyolite, moved to dismiss on March 20, 2025, and Plaintiffs moved to remand on April 7, 2025.  (Docs. 10, 11, 22.)

///

3

## II.    LEGAL STANDARD

A lawsuit filed in state court may be removed to federal court if the court would have original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a). Defendants desiring to remove a civil action to federal court must file a notice of removal containing a short and plain statement of the grounds for removal, . . ."  28 U.S.C. § 1446(a).

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading.  28 U.S.C. § 1446(b)(1).  "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  *Id.* at § 1446(b)(2)(A).  The Court may remand an action to state court for lack jurisdiction or for defect in the removal procedure.  28 U.S.C. § 1447(c).

Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand.  *See Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir.1992).  The party seeking removal bears the burden of establishing that removal is proper, and the court "resolves all ambiguity in favor of remand."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *see also Thiele v. Travelcenters of Am. Inc.*, 1:20-cv-1727 JLT BAK, 2022 WL 392596 at *2 (E.D. Cal. Feb. 9, 2022) ("[D]isputed questions of fact must be resolved in favor of the party seeking remand.")  "If the case is within the original jurisdiction of the district court, removal is proper so long as the defendant complied with the procedural requirements set forth in 28 U.S.C. § 1446."  *Hatcher v. City of Porterville*, No. 1:11-cv-02015, 2012 WL 439424 at *4 (E.D. Cal. Feb. 9, 2012).

## III.    ANALYSIS

### A.    <u>Plaintiffs Did Not Properly Serve Non-Joining Defendants</u>

Improperly served defendants are not required to join in a petition for removal.  *Destfino v. Reiswig*, 630 F.3d 952, 956–57 (9th Cir. 2011).  California Code of Civil Procedure, § 415.20(b) provides:

4

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, . . ., a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of their office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.  Service of a summons in this manner is deemed complete on the 10th day after mailing.

Cal. Code Civ. P. § 415.20(b).  Courts liberally construe § 415.20(b) "to effectuate service and uphold jurisdiction if actual notice has been received by the defendant." *Hearn v. Howard*, 177 Cal. App. 4th 1193, 1201 (2009) (citation omitted.)  "Ordinarily, . . . two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988) (citation omitted.)  Further, "the filing of a proof of service creates a rebuttable presumption that the service was proper." *Dill v. Berquist Construction Co.*, 24 Cal. App. 4th 1426, 1441 (1994). "However, that presumption arises only if the proof of service complies with the statutory requirements regarding such proofs," such as proof that service was made on an authorized person. *Id.* at 1442.

Defendants contend that Plaintiffs' version of events is inconsistent.  While Moles declares Martin stated she was able to accept service for all Defendants, Plaintiffs stated in their motion to remand that Martin "rejected service upon the Non-Joining Defendants on the day she agreed to accept service on behalf of the City of Atwater and the City of Atwater Building Departments." (Doc. 22-1 at 9.)  Defendants further highlight numerous factual inconsistencies regarding the service locations between the proofs of service, Moles' declaration, and Plaintiffs' motion to remand.  (Doc. 30 at 10–12.)  Thus, there exists a question of fact as to what Martin

told Moles regarding the scope of her ability to accept service for Defendants. Because the Court must resolve disputed questions of fact in favor of the party seeking remand, the Court assumes for purposes of this motion that Martin indeed told Moles that she could accept service for all Defendants.

However, substitute service under § 415.20(b) requires "leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box," not an alternative business address maintained by a defendant's employer. Moles knew that several Defendants' usual place of business was at 750 Bellevue Road, but nonetheless attempted to serve all Defendants at 1160 5th Street. (Doc. 26 at 2.) The fact that both addresses are operated by the City does not negate Plaintiffs' statutory obligation to serve each Defendant at their own usual place of business, abode, house, or mailing address. Even if Moles reasonably believed that Martin was in charge of Defendants' usual place of business because she told him that she could accept service for all Defendants, Martin being considered an authorized person to accept substitute service under § 415.20(b) is conditional upon her physical presence at the usual place of business at the time of service. *See* Cal. Code Civ. P. § 415.20(b). Because Martin only accepted service at 1160 5th Street, she cannot be considered an authorized person for 750 Bellevue Road. Accordingly, the filing of the proofs of service do not presume service was proper.

Additionally, Plaintiffs conclusorily assert that they attempted to personally serve each individual Defendant, but provide no evidence that they made any attempt to do so. (Doc. 32 at 11.) Moreover, in the case of Rhyolite, Plaintiffs are statutorily barred from attempting service on Martin. California Code of Civil Procedure, § 415.95 states that service of a summons "by leaving a copy of the summons and complaint during usual office hours with the person who is apparently in charge of the office . . . is not valid for a corporation with a registered agent for service of process listed with the Secretary of State." Cal. Code Civ. P. § 415.95(a), (b). Furthermore, Rhyolite is a private corporation whose publicly listed Secretary of State address is 3523 Vernal Avenue, Merced, CA 95340. It was not reasonable for Moles to believe that Martin,

6

the City clerk, would be in charge of a private corporation's office located in another town.

Thus, Plaintiffs did not properly serve Non-Joining Defendants, and Non-Joining Defendants did not need to join the Notice of Removal until 30 days after they consented to removal. *See All Risk Shield, Inc., v. All Risk Fire Asset Mgmt., Inc.*, No. 2:26-cv-00527-AJR, 2026 1957845, at *3 (C.D. Cal. July 6, 2026) ("[B]ecause Plaintiff never effectuated formal service on Defendant Martines, the removal clock did not start until December 17, 2025, when Defendant Martines appeared in the action by filing an Answer.")

**B.      Non-Joining Defendants Consented to Removal by Filing the Motion to Dismiss**

"Under California law, '[a] general appearance by a party is equivalent to personal service of summons on such party,' thus triggering the thirty-day removal period." *Island Med. Distribs., Inc. v. Hologic, Inc.*, No. 8:20-cv-00982-JLS-ADS, 2020 WL 6342720, at *2 (C.D. Cal. Oct. 29, 2020) (citation omitted); Cal. Code Civ. P. § 410.50. "A general appearance operates as a consent to jurisdiction of the person, dispensing with the requirement of service of process, and curing defects in service." *Fireman's Fund Ins. Co. v. Sparks Constr., Inc.*, 114 Cal. App. 4th 1135, 1145 (2004). "An appearance is general if the party contests the merits of the case or raises other than jurisdictional objections." *Id.* "Filing an answer on the merits constitutes a general appearance." *Id.*

All Defendants, except Rhyolite, moved to dismiss on March 20, 2026.  (Docs. 10, 11.) By moving to dismiss, Defendants waived any defects in service, but also consented to the Court's removal jurisdiction, thereby making their removal timely.  Rhyolite did not move to dismiss, but has also yet to make a general appearance before the Court.  Thus, Rhyolite need not join the Notice of Removal, and all other Defendants have timely joined.

**C.      Plaintiffs' State Law Claims Do Not Substantially Predominate its Federal Claims**

A court that has original jurisdiction over a civil action "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United

States Constitution." 28 U.S.C. § 1367(a). State claims are part of the same case or controversy as federal claims "when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Assoc.*, 387 F.3d 850, 855–56 (9th Cir. 2004) (internal quotation marks and citation omitted.) Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right" and district courts "can decline to exercise jurisdiction over pendent claims for a number of valid reasons." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997) (internal quotation marks and citations omitted.) A district court may "decline supplemental jurisdiction over a claim" if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). This provision is "a codification of the principles of economy, convenience, fairness, and comity that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction." *Whitaker v. Mac*, 411 F. Supp. 3d 1108, 1113 (C.D. Cal. 2019) (citation omitted.)

A district court should ordinarily remand a removed claim to state court if it implicates any of the first three provisions of § 1367(c). *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025). But "[a] district court must, in fact, remand a removed case if the plaintiff amends the complaint and omits any claims that were within the district court's original jurisdiction." *Holman v. Colonial Penn Life Ins. Co.*, No. 1:25-cv-00296 JLT SAB, 2026 WL 1018675, at *6 (E.D. Cal. Apr. 15, 2026) (citing *Royal Canin*, 604 U.S. at 43.) The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under the first three provisions." *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998).

The Supreme Court has indicated that state law claims can "substantially predominate . . . in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "Although the Court

8

was not interpreting § 1367, which had not yet been enacted, the Ninth Circuit has indicated that the § 1367(c) inquiry should be informed by the Supreme Court decision in that case." *Kohler v. Rednap, Inc.*, 794 F. Supp. 2d 1091, 1095 (C.D. Cal. 2011) (citing *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997)).

Courts have reasoned that state law claims do not substantially predominate over federal claims when the claims involve "nearly identical facts, witnesses, and evidence." *Castillo-Antonio v. Hernandez*, No. 19-cv-00672-JCS, 2019 WL 2716289, at *7 (N.D. Cal. June 28, 2019). This is true even when the state law claims offered more comprehensive remedies than the federal claims. *Schoors v. Seaport Vill. Operating Co.*, No. 16cv3089-AJB-BGS, 2017 WL 1807954, at *4 (S.D. Cal. May 5, 2017). Plaintiffs' two federal claims are 42 U.S.C. § 1983 claims are for damages arising out of Defendants' alleged retaliation and violation of local government policy or custom. (Docs. 1 at 78–79; 22-1 at 8 n.1.) These claims would involve nearly identical facts, witnesses, and evidence as several of Plaintiffs' state law claims, including their claims for alleged violations of the Bane Act, California Due Process and Equal Protection clauses, and the "ministerial duty to comply with requirements of municipal code." (Doc. 1 at ¶¶ 112–15, 130–33, 214–20.) This is further evidenced by the fact that Plaintiffs largely rely on incorporating by reference the allegations in their state law claims to support their federal claims, rather than offering distinct allegations for those claims. (Doc. 1 at ¶¶ 226–33.) Accordingly, the Court does not view Plaintiffs' state law claims to substantially predominate its federal claims and thus, the Court exercises supplemental jurisdiction over Plaintiffs' state law claims.

However, if Plaintiffs choose to dismiss their federal claims, this would likely effect the Court's analysis. The Court acknowledges Defendants' objection over Plaintiffs' "new legal argument as to apparent willingness to dismiss claims," and Defendants are free to file an opposition brief in response to any renewed motion to remand in the event Plaintiffs dismiss their federal claims. (Doc. 33 at 4.)

### D.     **Plaintiffs' State Law Claims Are Not Severed**

Plaintiffs argue the Court should sever and remand their state law claims pursuant to 28 U.S.C. § 1441(c)(2). (Doc. 22-1 at 6.) However, Defendants correctly note that "[t]his section

only authorizes severance of state-law claims that are not within the district court's original or supplemental jurisdiction, or which have been made nonremovable by statute. 28 U.S.C. § 1441(c)(1)(B), (c)(2)." (Doc. 30 at 20.) All of Plaintiffs' claims arise under the Court's original or supplemental jurisdiction, and therefore § 1441(c)(2) does not apply.

### E.    Parties Are Not Entitled to Attorneys' Fees and Costs

A court "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Fee shifting is not automatic, and "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140–41 (2005). The relevant inquiry is whether the party had "an objectively reasonable basis" for removal. *Id.* The Ninth Circuit cautioned: "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1065 (9th Cir.2008). Defendants properly removed the case to federal court and thus removal was reasonable.

Under Rule 11, a court may award sanctions if a party submits a pleading, written motion, or other paper for an improper purpose such as harassment, causing unnecessary delay or to increase costs needlessly. Fed. R. Civ. P. 11(b). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction." *Id.* at 11(c)(1). Importantly, any motion for sanction under Rule 11, "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." *Id.* at 11(c)(2). Further, "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.* Thus, Rule 11(c) is frequently referred to as the "safe harbor" provision.

Plaintiffs' request for Rule 11 sanctions was not made by separate motion, and there is no showing that Defendants had the benefit of the safe harbor provision. Though the Court could issue an order to Defendants to show cause why sanctions should not be imposed, the Court does

not believe such an order would be well-founded.  While "the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion," no motion was in fact filed.  *Id.*

Accordingly, Plaintiffs' request for just costs, actual expenses, and Rule 11 sanctions, as well as Defendants' request for reasonable expenses are **DENIED.**

**IV.    CONCLUSION**

For the reasons addressed above, Plaintiff's motion to remand, (Doc. 22), is **DENIED** without prejudice.


IT IS SO ORDERED.

Dated:  _July 10, 2026_

_____
UNITED STATES DISTRICT JUDGE

11