BRIAN K. CUTTONE (SBN 201314)
CUTTONE & ASSOCIATES
5380 N. Fresno Street, Suite 102
Fresno, California 93710
Telephone: 559.228.8490
Facsimile: 559.421.1991
Email: rstasio@cuttonelaw.com

Attorneys for BRADLEY S. KESSLER;
BK-INDUSTRIES, INC. and AG-K PROPERTIES, LLC

UNITED STATE DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADLEY S. KESSLER, an individual; BK-INDUSTRIES, Inc, a California Corporation; AG-K PROPERTIES, LLC<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ATWATER, a Municipal Corporation; CITY OF ATWATER BUILDING DEPARMENT; GREG THOMPSON, an individual; MARK PEREIDA, an individual; STEPHANIE RUIZ, an individual; MICHAEL NELSON, an individual; JACQUYN "JACKI" LOPEZ, an individual; MICHAEL HAYES, an individual; VH DESIGN GROUP, INC., doing business as VVH CONSULTING ENGINEERS; RHYOLITE DEVELOPMENT & CONSTRUCTION, INC., a California Corporation and DOES 1-50.<br><br>Defendants. | Case No.: 1:25-CV-00288-JLT-EGC<br><br>**STIPULATION TO EXTEND DEFENDANTS' DEADLINE TO RESPOND TO SECOND AMENDED COMPLAINT AND TO SET DEADLINE TO SEEK LEAVE TO FILE THIRD AMENDED COMPLAINT; ORDER**<br><br>(Doc. 63) |

Plaintiffs Bradley S. Kessler, BK-Industries, Inc., and AG-K Properties, LLC (collectively, "Plaintiffs") and Defendants City of Atwater, City of Atwater Building Department, Greg Thompson, Mark Pereida, Stephanie Ruiz, Michael Nelson, Jacquyn "Jacki" Lopez, Michael Hayes, and VH Design Group, Inc. dba VVH Consulting Engineers

(collectively, "Defendants"), by and through their counsel of record, stipulate as follows:

**RECITALS**

A. Plaintiffs and Defendants are all of the parties who have appeared in this action. Defendant Rhyolite Development & Construction, Inc. has not appeared.

B. On September 16, 2026, the Court issued its Order on Defendants' motions to dismiss, motion to strike and special motions to strike (Doc. 49), granting the motions in part, denying them in part, and granting Plaintiffs leave to amend as stated in the Order.

C. Plaintiffs filed their Second Amended Complaint ("SAC") on October 16, 2026 (Doc. 56).

D. By stipulation filed October 22, 2026 (Doc. 59), the parties agreed that Defendants' responses to the SAC would be due November 27, 2026, that opposition briefs would be limited to thirty (30) pages and reply briefs to twenty (20) pages, and that oppositions and replies would each be due twenty-one (21) days after the preceding filing. This is the only prior extension of time concerning the SAC.

E. Defendants have informed Plaintiffs that they intend to file motions to dismiss and to strike directed at the SAC. On November 20, 2026, counsel for all appearing parties met and conferred by teleconference regarding the contemplated motions, as required by the Court's Standing Order.

F. Prior to the meet and confer conference, Defendants provided Plaintiffs a chart setting forth a summary of their intended attack on the SAC. During the conference Plaintiffs identified matters in the SAC that Plaintiffs are willing to address by amendment, by a third amended complaint. However, Plaintiffs' counsel needs a reasonable amount of time to research, and analyze Defendants' proposed attacks and to identify other allegations, claims, and requests for relief it will amend, beyond what Plaintiffs have already identified at the November 20, 2026, meet and confer conference. Plaintiffs intend to prepare a proposed Third Amended Complaint ("TAC") and to circulate it to Defendants, together with a redline comparing it to the SAC. Defendants have stated that they are willing to consider consenting to the filing of the TAC under Federal Rule of Civil Procedure 15(a)(2) after reviewing the

proposed TAC and redline, but they have not consented to the filing of any amended pleading, and the parties agree that any further stipulation regarding amendment will need to account for the limited leave to amend granted in the Court's September 16, 2026 Order.

G. The parties agree that a further amended complaint may narrow or eliminate the issues the Court would otherwise be asked to decide, and that it would not be an efficient use of the Court's or the parties' resources to brief motions directed at a pleading that Plaintiffs intend to amend.

H. Good cause exists for the schedule below. The preparation and review of the proposed TAC and redline require time for research and response by all counsel, and Plaintiffs' counsel is lead trial counsel in two matters set for trial on December 8, 2026, BDC Atwater Shops v. Golden State Realty, et al., and January 11, 2027, Guadalupe Villagomez v. Leonel Villagomez, et al.

**STIPULATION**

1. Meet and confer. The parties shall continue to meet and confer regarding the proposed TAC.

2. Deadline to seek leave. On or before January 8, 2027, Plaintiffs shall seek leave to file the TAC, either by a stipulation of all parties or by motion.

3. Extension of deadline to respond to SAC. Defendants' deadline to respond to the SAC is extended from November 27, 2026 through and including January 15, 2027. If Plaintiffs timely seek leave under Paragraph 2, Defendants' deadline to respond to the SAC shall be further extended to fourteen (14) days after the Court rules on the request for leave, and if leave is granted, Defendants shall respond to the TAC as provided by the Federal Rules, except as otherwise set forth herein, at paragraph 6.

4. Compliance with the Court's Order. Defendants do not waive any challenge to whether the proposed TAC complies with the Court's September 16, 2026 Order (Doc. 49), including the limited leave to amend granted in that Order.

5. Further meet and confer. Before filing any motion directed at the SAC or the TAC, counsel shall meet and confer as required by the Court's Standing Order.

6. Briefing. The page limits and the opposition and reply deadlines stated in the parties' October 22, 2026 stipulation (Doc. 59) shall apply to any motion directed at the SAC or the TAC.

7. No waiver. This stipulation is not an admission by Plaintiffs that the SAC is deficient in any respect, is not consent by Defendants to the filing of any amended pleading, and is not a waiver by any party of any claim, defense, objection or motion, including any defense, objection or motion that may be asserted in response to the SAC or the TAC.

8. The parties respectfully request that the Court enter the order below.

IT IS SO STIPULATED.

Dated: November 23, 2026

CUTTONE & ASSOCIATES

By: /s/ Brian K. Cuttone
BRIAN K. CUTTONE
Attorneys for Plaintiffs
BRADLEY S. KESSLER, BK-INDUSTRIES, INC.
and AG-K PROPERTIES, LLC

Dated: November 23, 2026

BEST BEST & KRIEGER LLP

By: /s/ Kevin Flautt (as authorized on 11/23/26)
KEVIN FLAUTT
OLIVIA CLARK
Attorneys for Defendants
CITY OF ATWATER, CITY OF ATWATER BUILDING DEPARTMENT, GREG THOMPSON, MARK PEREIDA,
STEPHANIE RUIZ, MICHAEL NELSON, and
JACQUYN "JACKI" LOPEZ

Dated: November 23, 2026

GORDON REES SCULLY MANSUKHANI

By: /s/ Jonathan K. Ross (as authorized on 11/23/26)
JONATHAN K. ROSS
NANCY K. CANTER
Attorneys for Defendants
MICHAEL HAYES and VH DESIGN GROUP, INC.,
dba VVH CONSULTING ENGINEERS

**ORDER**

Pursuant to the parties' stipulation, (Doc. 63), and good cause appearing, the Court ORDERS as follows:

1. The parties shall continue to meet and confer regarding Plaintiffs' proposed Third Amended Complaint. On or before January 8, 2027, Plaintiffs shall seek leave to file the Third Amended Complaint, either by a stipulation of all parties or by motion.

2. Defendants' deadline to respond to the Second Amended Complaint, (Doc. 56), is extended from November 27, 2026 through and including January 15, 2027. If Plaintiffs timely seek leave to file the Third Amended Complaint under Paragraph 1, Defendants' deadline to respond to the Second Amended Complaint is further extended to fourteen (14) days after the Court rules on the request for leave, and if leave is granted, Defendants shall respond to the Third Amended Complaint as provided by the Federal Rules of Civil Procedure.

3. Defendants do not waive any challenge to whether the proposed Third Amended Complaint complies with the Court's September 16, 2026 Order, (Doc. 49). Before filing any motion directed at the Second Amended Complaint or the Third Amended Complaint, counsel shall meet and confer as required by the Court's Standing Order.

4. Opposition briefs on any motion directed at the Second Amended Complaint or the Third Amended Complaint shall not exceed thirty (30) pages and reply briefs shall not exceed twenty (20) pages. Oppositions shall be filed within twenty-one (21) days after the motion is filed, and replies within twenty-one (21) days after the opposition is filed.

IT IS SO ORDERED.

Dated: **November 24, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE